

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 28, 1970

Hon. Joe Shannon
Chairman, House Committee
  on Counties
House of Representatives
Capitol Building
Austin, Texas

Opinion No. M-759

Re: Construction of Article
    2352f, Vernon's Civil
    Statutes, relating to
    state association of counties.

Dear Mr. Shannon:

Your request for an opinion concerns the construction of
Article 2352f, Vernon's Civil Statutes, having to do with the
payment of membership fees and dues to a nonprofit state
organization of counties, and in connection therewith you have
asked the following questions:

"1.  Does a county auditor in Texas have
authority to refuse to include in a county budget
money for the payment of these dues when specifically
requested to do so by a majority of the commissioners
court?

"2.  Does a county auditor have authority to
refuse to authorize payment of said dues if the item
has been included in the budget?"

Article 2352f, Vernon's Civil Statutes, provides:

"Section 1.  The commissioners court of each
county within the state is authorized to approve
the expenditure of county funds from the general
fund for membership fees and dues assessed by a
nonprofit state association or organization of
counties if:

"(1) the membership in such association is approved by majority vote of the commissioners court;

"(2) such association is established and designed for the betterment of county government and the benefit of all county officials;

"(3) the expenditure authorized by this section is made in the name of the county;

"(4) such association is not affiliated in any way with a labor organization;

"(5) such association or any employee thereof, does not in any way, directly or indirectly, influence or attempt to influence the outcome of any legislation pending before the Legislature of the State of Texas; provided, however, that nothing herein shall be construed to prevent any agent, servant, or representative of such association from providing information for any member of the Legislature, or from appearing before any committee thereof when requested to do so by said member or committee; and

"(6) such association or any employee thereof does not, either directly or indirectly, make any contribution, gift or donation of any money, services or other valuable thing to any political campaign or does not endorse any candidate or group of candidates for public office.

"Sec. 2.  If any association or organization supported in whole or in part by tax money from a political subdivision engages in any act specified in Subdivision (5) and (6) of Section 1 of this Act, any taxpayer of a political subdivision which pays fees or dues to such association or organization may bring suit to prohibit the political subdivision from making further expenditures to such association or organization and the court upon proof of the violation of any provision hereof shall enjoin any further payments or activity."

The County Auditor is required under the provisions of Article 1666, Vernon's Civil Statutes, to prepare an estimate of all the revenues and expenses and annually submit it to the Commissioners Court which Court shall carefully make a budget of all appropriations to be set aside for the various expenses of the county government.  See also Article 1666a, Vernon's Civil Statutes.

The Legislature has specifically authorized the Commissioners Court of each county to expend county funds for the purposes therein expressed if the conditions of Section 1 are met.

Therefore, you are advised in answer to your first question that if the conditions of Section 1 of Article 2352f, Vernon's Civil Statutes, are met, a County Auditor does not have authority to refuse to include in a county budget money for the expenditure of county funds for such purposes.

Likewise, in answer to your second question, a County Auditor does not have authority to refuse expenditure of county funds for such purposes if the conditions of Section 1 of Article 2352f-1 are met.

## S U M M A R Y

Under conditions prescribed by the provisions of Article 2352f, Vernon's Civil Statutes, the Commissioners Court of each county within the State is authorized to approve the expenditure of county funds for membership fees and dues assessed by a nonprofit state association or organization of counties.  When the conditions prescribed are met, a County Auditor may not refuse to include such expenditures in the county budget nor refuse the payment of said dues.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jay Floyd
W. O. Shultz
Bob Lattimore
Milton Richardson

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant